Samuel J. Smith, SBN 242440
  Email:  samuel@sjscounsel.com
**SJS COUNSEL, APC**
5757 Wilshire Boulevard
Penthouse 20
Los Angeles, California 90036
Telephone:  (310) 271-2800
Facsimile:  (310) 271-2818

Daniel L. Reback, SBN 239884
  Email:  dreback@kranesmith.com
Jeremy Smith, SBN 242430
  Email:  jsmith@kranesmith.com
Benjamin J. Smith, SBN 266712
  Email:  bsmith@kranesmith.com
**KRANE & SMITH, APC**
16255 Ventura Boulevard, Suite 600
Encino, California 91436
Telephone:  (818) 382-4000
Fax:  (818) 382-4001

*Attorneys for Plaintiff CHRISTOPHER GORDON*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER GORDON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE LAMAR COMPANY, LLC.,<br>a Louisiana Limited Liability Company;<br>and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No.   15-4737<br><br>**COMPLAINT FOR:**<br><br>1. **TRADEMARK INFRINGEMENT** [15 U.S.C. §1114, *et seq.*];<br><br>2. **TRADEMARK INFRINGEMENT** [California law];<br><br>3. **TRADEMARK DILUTION** [15 U.S.C. §1125(c)];<br><br>4. **FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN** [15 U.S.C. §1125(a)]; and<br><br>5. **UNFAIR COMPETITION** [California law]<br><br>**DEMAND FOR JURY TRIAL** |

0

**COMPLAINT**

Plaintiff CHRISTOPHER GORDON ("Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief and remedy based on the following:

## INTRODUCTION

Plaintiff is a comedic narrator who, on January 18, 2011, published a video on YouTube that consisted of his original narration humorously describing the traits of a honey badger. The video went "viral" and has generated more than *74 million* views on YouTube. In the video, among Plaintiff's original expressions is the central theme: that the "HONEY BADGER DON'T CARE".

Plaintiff's original expressions have gained a tremendous amount of notoriety, and his expressions have been referred to in commercials, television shows, magazines, and throughout the internet, and by numerous celebrities. Plaintiff copyrighted his narration, and also trademarked "HONEY BADGER DON'T CARE" under four separate registration numbers for various classes of goods, including, *inter alia*, shirts, audio books, computer application software, and plush toys. Plaintiff has produced, advertised, licensed, and sold merchandise bearing his expression and mark of "HONEY BADGER DON'T CARE" since soon after the video was published, and he continues to sell and license merchandise bearing his expression and mark today.

Defendant THE LAMAR COMPANY, LLC. ("Defendant") purports to be one of the largest out-of-home advertising companies in North America. According to Defendant's website, it offers a variety of advertising solutions and options including bulletins, posters, digital displays, junior posters, advertisements on benches, shelters and bus/rail routes. Defendant purports to have inventory available throughout the United States, Canada and Puerto Rico. After Plaintiff released his Video, began marketing and selling several products bearing his trademarks and obtained federal registrations for his trademarks, Defendant—without Plaintiff's authorization—began explicitly utilizing Plaintiff's trademarks to advertise itself.

**JURISDICTION AND VENUE**

1. This is a civil action arising under the Trademark Laws of the United States, 15 U.S.C. §§1051, *et seq.*, and 17 U.S.C. §§101 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 and ancillary jurisdiction over the attendant claims.

2. This Court has supplemental jurisdiction over the claims in this Complaint that arise under California law pursuant to 28 U.S.C. §1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b) and 1400(a). Defendant has extensive contacts with, and conducts business within, this District; has placed products into the stream of commerce in this District; and has caused tortious injury to Plaintiff in this District.

## PARTIES

4. Plaintiff is an individual residing in Los Angeles, California.

5. Plaintiff is informed and believes and thereon alleges that Defendant THE LAMAR COMPANY, LLC. ("Defendant") is a Louisiana Limited Liability Company with its mailing address and registered offices located at 5321 Corporate Blvd., Baton Rouge, LA 70808.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant authorized, directed, participated in, contributed to, ratified, and/or accepted the benefits of the wrongful acts as alleged herein.

7. The true names and capacities, whether individual, corporate, associate or otherwise of defendants Doe 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named defendants is responsible in some manner for the events, acts, occurrences and liabilities alleged and referred to herein. Plaintiff will seek leave to amend this

Complaint to allege the true names and capacities of these Doe defendants when the same are ascertained.

## SUBSTANTIVE ALLEGATIONS

### *Plaintiff and His Video, Copyright, and Trademark*

8. Plaintiff is a comedian, narrator, writer, and actor, and is commonly known by his alias, "Randall."

9. On January 18, 2011, Plaintiff published a video (the "Video") on YouTube that consisted of his original narration humorously describing the traits of a honey badger.[1] The Video, entitled "*The Crazy Nastyass Honey Badger (original narration by Randall)*", became an instant hit. The Video went "viral" and is one of the most popular videos ever uploaded to YouTube. To date, the Video has generated more than **72 million** views. The Video and subsequent phenomenon have been covered by internet blogs such as the *Huffington Post* (which proclaimed "Honey Badger Don't Care [as] the best nature video of all time") as well as by entertainment and news outlets from *Forbes* to the *New York Observer* to *TMZ*.

10. In the Video, among Plaintiff's original expressions and jokes is the central theme that the "HONEY BADGER DON'T CARE!" Plaintiff's original

---

[1] The Video can be viewed at http://bit.do/honeybadger, which forwards to the appropriate YouTube URL.

expression (and others contained in the Video) have gained a tremendous amount of notoriety, and his expressions have been referred to in commercials, television shows, magazines, and throughout the internet.

11. Plaintiff is the owner of trademark registrations for HONEY BADGER DON'T CARE (the "Mark"). Plaintiff registered the Mark with the United States Patent and Trademark Office for various classes of goods under the following Registration Numbers: 4,505,781; 4,419,079; 4,419,081; and 4,281,472. Attached hereto as **Exhibit A** are true and correct copies of the Trademark Registrations.

12. After the Video was published, Plaintiff produced and sold goods, including, *inter alia*, t-shirts, sweatshirts, bumper stickers, hats, mugs, pillows, and plush dolls, that displayed his Mark. Plaintiff continues to sell a wide variety of merchandise under the trademark HONEY BADGER DON'T CARE. Plaintiff has also established common law rights in connection with variations of the Mark.

13. Plaintiff primarily advertised the goods bearing his Mark on the internet. Sales of Plaintiff's goods bearing his Mark have been substantial, with a majority of the sales occurring via the internet.

14. The Mark is instantly recognizable as being associated with Plaintiff (*i.e.*, Randall.) The Mark appeared in Plaintiff's Video, and has since been displayed on numerous advertisements and goods that Plaintiff promotes. Plaintiff even authored a book entitled "*Honey Badger Don't Care: Randall's Guide to*

1 *Crazy Nastyass Animals*" and launched a mobile "app" entitled "*The Honey Badger*
2 *Don't Care*."

3     15.     Plaintiff has expended a significant amount of time and effort in
4 making his Mark well-known to the public.  Plaintiff has promoted his Mark by,
5 *inter alia*, advertising it in connection with his products, making guest appearances
6 in media outlets, and publicizing the Mark through social media platforms.

7     16.     As a result of the foregoing, including, but not limited to, the extensive
8 advertisements, promotions, sales, and enormous popularity of the Mark, the public
9 has come to exclusively identify the Mark with Plaintiff.  Among other things,
10 Plaintiff, his expression, joke and/or his Mark have appeared or been alluded to in
11 a Wonderful Pistachios commercial during *Dancing with the Stars*, in an episode of
12 the popular television show *America's Got Talent*, in an episode of the hit television
13 series *Glee* by the show's famous cheerleading coach Sue Sylvester (Jane Lynch),
14 in a *Vogue* profile of celebrity recording artist Taylor Swift, and on the *Howard*
15 *Stern* radio show (Baba Booey).  Plaintiff's expression, joke, and Mark are famous
16 and distinctive under applicable law, including within the meaning of 15 U.S.C. §§
17 1125(c)(1) and 1127.

18
19 \\
20 \\

### *Defendant's Unlawful Activities and Willful Infringement*

17. In order to promote itself, Defendant distributed advertisements that bear Plaintiff's Mark.

18. Defendant's self-promotion of its business reveals a campaign of willful infringement. Defendant's manipulative and unfair advertising of itself enabled it to reap the benefits of an advertising campaign without having to pay for it.

19. Defendant's strategic advertising campaign was designed to capitalize on Plaintiff's Mark, trample upon his intellectual property rights, and cause customer confusion.

20. On June 10, 2015, Plaintiff's counsel demanded that, *inter alia*, Defendant stop using Plaintiff's Mark, disclose the extent of its uses of Plaintiff's Mark, and provide information concerning the value of said uses.

21. On June 15, 2015, Defendant's attorney responded to Plaintiff's counsel by asserting, among other things, that Defendant's use of Plaintiff's Mark was "*both brief in time and isolated in geographic scope*". [emphasis added] Defendant further claimed that Defendant's "records reflect that the advertisement in question was *only run on one billboard*." [emphasis added] On information and belief, Plaintiff believes that these representations are false in their entirety.

7

**COMPLAINT**

22. Defendant's intentional and deceitful acts of unfair competition and uses of the Mark and derivations thereof have caused confusion, and are likely to do so in the future, and have caused mistake and deception as to the affiliation or association of the Defendant with Plaintiff, and as to the origin, sponsorship, or approval of the Defendant's goods by Plaintiff. Plaintiff has neither authorized nor consented to the use by Defendant of the Mark, any colorable imitation of it, or any mark confusingly similar to it.

23. Plaintiff is informed and believes, and thereon alleges, that Defendant's purpose in utilizing the Mark is an attempt to benefit unfairly from the valuable goodwill and extreme popularity of the Mark, which was established at great expense and effort by Plaintiff.

## FIRST CLAIM
**(Trademark Infringement under 15 U.S.C. §1114 *et seq.* against Defendant)**

24. Plaintiff repeats, repleads, and realleges the allegations contained in Paragraphs 1 through 23, as though fully set forth herein.

25. The aforesaid acts of Defendant constitute infringement of the Marks under 15 U.S.C. §1114 *et seq.*

26. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to his trademark, reputation, and goodwill. Defendant will continue to use the Marks and

will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant and its officers, agents, employees, and all persons acting in concert with them, from engaging in further acts of infringement.

27.     Plaintiff is further entitled to recover from Defendant the actual damages that he sustained and/or is likely to sustain as a result of Defendant's wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages that he has sustained and/or is likely to sustain by reason of Defendant's acts of trademark infringement.

28.     Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts.  Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of trademark infringement.

29.     Because of the willful nature of the wrongful acts of Defendant, Plaintiff is entitled to all remedies available under 15 U.S.C. §§1117 and 1118, including, but not limited to, an award of treble damages and increased profits pursuant to 15 U.S.C. §1117.

30.     Plaintiff is also entitled to recover his attorney's fees and costs of suit pursuant to 15 U.S.C. §1117.

# SECOND CLAIM
**(Trademark Infringement under California *Business & Professions Code* §14245 *et seq.* and California Common Law against Defendant)**

31. Plaintiff repeats, and realleges the allegations contained in Paragraphs 1 through 30, as though fully set forth herein.

32. Defendant's use of the Mark without Plaintiff's consent constitutes trademark infringement and unfair competition in violation of California common law in that, among other things, such use is likely to cause confusion, deception, and mistake among the consuming public as to the source, approval or sponsorship of the goods offered by Defendant.

33. The acts and conduct of Defendant complained of herein constitute trademark infringement and unfair competition in violation of the statutory law of California, including California *Business and Professions Code* sections 14245 *et seq.*, in that, among other things, Defendant's acts and conduct are likely to cause confusion, deception, and mistake among the consuming public as to the source, approval or sponsorship of the goods offered by Defendant. Defendant's acts are designed to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among consumers and the public. Plaintiff is entitled to preliminary and permanent injunctions restraining and enjoining Defendant and its officers, agents, affiliates, vendors, partners and employees, and all persons acting in concert with

Defendant, from using in commerce Plaintiff's federally registered Mark and his common law rights in the Mark.

34. As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial. Plaintiff is entitled to all remedies provided by California *Business and Professions Code* sections 14247 *et seq.*, including injunctive relief and recovery of three times Defendant's profits and damages suffered by reason of their wrongful conduct. Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of punitive damages.

## THIRD CLAIM
### (Trademark Dilution under 15 U.S.C. §1125(c) against Defendant)

35. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 34, above, as though fully set forth herein.

36. Plaintiff has used his Mark to identify his products before Defendant began using the Mark without his permission.

37. The Mark is inherently distinctive and has acquired distinction through Plaintiff's extensive, continuous, and exclusive use of the Mark. The Mark is famous and distinctive within the meaning of 15 U.S.C. §§1125(c)(1) and 1127.

38. Defendant's use of the Mark is likely to dilute the distinctive quality of the Mark in violation of 15 U.S.C. §1125(c).

11

**COMPLAINT**

39. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to his trademarks, reputation, and goodwill. Defendant will continue to use the Mark and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant, its officers, agents, and employees, and all persons acting in concert with them, from engaging in further acts of trademark dilution.

40. Plaintiff is entitled to recover from Defendant the actual damages that he sustained and/or is likely to sustain as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that he has sustained and/or is likely to sustain by reason of Defendant's acts of trademark dilution.

41. Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of trademark dilution.

42. Because of the willful nature of the wrongful acts of Defendant, Plaintiff is entitled to all remedies available under 15 U.S.C. §§1117 and 1118, including an award of treble damages and increased profits pursuant to 15 U.S.C. §1117.

43. Plaintiff is also entitled to recover his attorney's fees and costs of suit pursuant to 15 U.S.C. §1117.

### FOURTH CLAIM
**(Federal Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. §1125(a) against Defendant)**

44. Plaintiff repeats, repleads and realleges the allegations contained in Paragraphs 1 through 43, as though fully set forth herein.

45. Defendant's acts as alleged above constitute unfair competition and a false designation of origin which have caused confusion, mistake, deception as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's goods, services and/or activities by Plaintiff and are likely to do so in the future, in violation of the Lanham Act, 15 U.S.C. §1125(a).

46. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and is likely to suffer damage to his reputation, goodwill, and to the Mark. Defendant will continue the activities alleged herein and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant, its officers, agents, affiliates, vendors, partners and employees, and all persons acting in concert with Defendant, from engaging in further acts of unfair competition, deceitful acts using the Mark, and false designation of origin and false affiliation and association.

47. Plaintiff is further entitled to recover from Defendant the actual damages that he sustained and/or is likely to sustain as a result of Defendant's wrongful and devious acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that he has suffered and/or is likely to sustain by reason of Defendant's acts of unfair competition and false designation of origin and false affiliation and association.

48. Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages it has obtained as a result of its wrongful and malicious acts. Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of unfair competition and false designation of origin and false affiliation and association.

49. Because is further entitled to recover from Defendant the gains, profits, and advantages it has obtained as a result of its wrongful and malicious acts. Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of unfair competition and false designation of origin and false affiliation and association.

50. Plaintiff is also entitled to recover his attorney's fees and costs of suit pursuant to 15 U.S.C. §1117.

## FIFTH CLAIM
### (Unfair Competition against Defendant)

51.     Plaintiff repeats, repleads and realleges the allegations contained in Paragraphs 1 through 50, as though fully set forth herein.

52.     Defendant's acts constitute unfair competition under the statutory law of California, including California Business and Professions Code section 17200, *et seq.*, and under the common law of the State of California.

53.     The acts and conduct of Defendant complained of herein have caused Plaintiff irreparable injury, and will, unless retrained, further impair the value of his Mark, intellectual property rights, reputation, and goodwill.  Plaintiff has no adequate remedy at law.

54.     Plaintiff is informed and believes that Defendant has unlawfully obtained profits through its acts of unfair competition.  Defendant should be forced to disgorge such unlawful profits to Plaintiff.

55.     Plaintiff is further entitled to recover from Defendant his actual damages sustained as a result of Defendant's wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages he has suffered by reason of Defendant's acts of unfair competition.

56.     Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of punitive damages.

# PRAYER

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

1. That Defendant has (*i*) infringed the Mark under 15 U.S.C. §1114 *et seq.*; (*ii*) infringed the Mark under California law; (*iii*) violated 15 U.S.C. §1125(c); (*iv*) violated 15 U.S.C. §1125(a); and (*v*) engaged in unfair competition and violated California *Business and Professions Code* section 17200 *et seq.*.

2. That each of the above acts were willful.

3. That Plaintiff be awarded (*i*) all profits of Defendant, (*ii*) all of his damages, (*iii*) statutory damages available under the law including 15 U.S.C. §1117 and 17 U.S.C. §504, if elected, (*iv*) treble damages, (*v*) punitive damages, (*vi*) disgorgement and restitution of all benefits received by Defendant arising from their infringement as provided by law, and/or (*vii*) enhanced damages for Defendant's willful infringement as provided in 15 U.S.C. §1117.

4. That Defendant, its officers, agents, servants, affiliates, partners, vendors, employees and attorneys, and those persons in active concert or participation with them, be preliminarily and permanently enjoined from:

    **a.** Using Plaintiff's expression and mark "HONEY BADGER DON'T CARE" or any colorable imitation thereof, or any other expression or mark likely to cause confusion, mistake, or deception, in connection with the sale, offering for sale,

         distribution, manufacturing, advertising, or promotion of their goods or services;

    **b.**    Using any false designation of origin or false description that can, or is likely to, lead the public to believe that any product manufactured, distributed, sold, offered for sale, or advertised by Defendant are in any manner associated or connected with Plaintiff is sold, manufactured, licensed, sponsored, or approved or authorized by Plaintiff;

    **c.**    Engaging in any other activity constituting an infringement of Plaintiff's trademark or otherwise unfairly competing with Plaintiff; *and*

    **d.**    Engaging in any other activity that dilutes the distinctive quality of the Mark by, among other things, using the Mark in connection with the sale, offering for sale, distribution, manufacturing, advertising, or promotion of its goods.

5.    That Defendant be directed to deliver up to Plaintiff all products bearing the Mark, any copy, simulation, variation or colorable imitations of the Mark, and any documents or tangible things that discuss, describe, mention or relate to such products.

6. That Defendant file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the requirements of the injunction.

7. That Defendant be required to pay to Plaintiff all of his costs, disbursements, and attorney's fees in this action.

8. For prejudgment interest.

9. For postjudgment interest.

10. For such other relief as the Court deems proper.

DATED: June 22, 2015          SJS COUNSEL, APC

By: */s/ Samuel J. Smith*
Samuel J. Smith
Attorneys for Plaintiff CHRISTOPHER GORDON

# DEMAND FOR JURY TRIAL

Plaintiff CHRISTOPHER GORDON hereby demands a trial by jury.

DATED: June 22, 2015              SJS COUNSEL, APC

                                  By: */s/ Samuel J. Smith*
                                      Samuel J. Smith
                                  Attorneys for Plaintiff CHRISTOPHER GORDON